UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD RIGGINS,

       Petitioner,

v.                                           Civil Action Number: 1:10-cv-12697-BC
                                                   Honorable Thomas L. Ludington

RAYMOND BOOKER,

       Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Reginald Riggins ("Petitioner"), currently incarcerated by the Michigan Department of Corrections at the Ryan Correctional Facility in Detroit, Michigan, filed this *pro se* habeas petition under 28 U.S.C. § 2254 challenging his convictions for two counts of first-degree criminal sexual conduct, following a jury trial in the Third Judicial Circuit Court in Wayne County, Michigan, on May 5, 2005. On May 19, 2005, Petitioner was sentenced as a habitual offender, second offense, to concurrent prison terms of fifteen to thirty years for those convictions. In his pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel. For the reasons stated below, the Court will deny the petition and decline to issue Petitioner a certificate of appealability.

**I**

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows:

> The victim testified that defendant, her stepfather, began to sexually abuse her when she was fourteen years old in the summer of 2002 after she finished eighth grade. The sexual abuse occurred in the victim's home where defendant resided as well. Even though the victim is not biologically related to defendant, she testified that she thinks of defendant as her father and calls him "dad." Defendant first

performed digital penetration on the victim for two to three months. After two to three months of digital penetration, defendant began engaging in oral sex with the victim. When the victim was in ninth grade, defendant began having intercourse with her. Defendant last had sexual intercourse with the victim in November 2004. The victim revealed to her mother in a letter on December 30, 2004 that defendant had sexually abused her. Lieutenant Bilal Muhammad testified that he interviewed defendant on February 25, 2005, after charges had been filed against defendant in the case. According to Lieutenant Muhammad, defendant confessed that he had oral sex and intercourse with the victim and that she had initiated all of their sexual encounters. The interview was entirely oral with nothing preserved in writing.

> At trial, defendant denied all of the charges. Defendant alleged that the victim fabricated her testimony because in October 2004 defendant saw an email from the victim that revealed her sexual preference for females. Defendant asserts that the victim was mad at him for telling her that she had to tell her mother about the email or stop using the phone; and therefore, the victim fabricated the story that defendant had sexually assaulted her. Following trial, a jury found defendant guilty of two counts of first-degree criminal sexual conduct but not guilty of a third count. On March 28, 2006, defendant filed his original brief on appeal. On June 16, 2006, defendant filed a Standard 4 supplemental brief in propria persona in accordance with Administrative Order 2004-6.

*People v. Riggins*, No. 263047, 2006 WL 3298322 (Mich. Ct. App. Nov. 14, 2006) (footnote omitted).

The jury found Petitioner guilty.

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising the same claims raised in this habeas petition. On November 14, 2006, the Court of Appeals affirmed his convictions. *Riggins*, 2006 WL 3298322, at *4. On April 24, 2007, the Michigan Supreme Court denied his application for leave to appeal. *People v. Riggins*, 477 Mich. 1114, 729 N.W.2d 857 (2007) (Table). Petitioner did not file a petition for a writ of certiorari with the Untied States Supreme Court.

Petitioner instead filed a motion for relief from judgment on February 15, 2008, with the state trial court, raising issues concerning whether his sentence was based on inaccurate information,

whether his sentencing guidelines were misscored, whether he was entitled to resentencing because he did not receive timely notice of his sentence enhancement, and whether there was sufficient evidence presented to support his convictions. The trial court denied his motion on May 19, 2008. *People v. Riggins*, No. 05-001277-01 (Wayne Cnty. Cir. Ct. May 19, 2008). Petitioner's delayed application for leave to appeal filed with the Court of Appeals was subsequently denied, *People v. Riggins*, No. 291953 (Mich. Ct. App. Sept. 24, 2009), as was his application for leave to appeal filed with the Michigan Supreme Court. *People v. Riggins*, 486 Mich. 933, 781 N.W.2d 852 (2010) (Table).

Petitioner's habeas petition was filed with this Court on July 8, 2010, but his papers are signed and dated June 23, 2010.

## II

### A

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify

issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).

Additionally, this Court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's

-4-

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785-86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**B**

In his first habeas claim, Petitioner alleges that he was denied the effective assistance of trial counsel because counsel failed to request an evidentiary hearing to determine whether the statements given to Lieutenant Bilal Muhammad should have been suppressed. In his second habeas claim, he contends that trial counsel was ineffective for failing to move to suppress the statement he made to Lieutenant Muhammad where Petitioner admitted engaging in oral and penile penetration of the victim. These claims are without merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors sufficiently serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify conduct that was "outside the wide

range of professionally competent assistance" in order to prove deficient performance. *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is presumed to have rendered adequate assistance and made each significant decision with the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

The Supreme Court has recently emphasized that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, --- U.S. at ---, 131 S. Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

**1**

In his first ineffective-assistance-of-counsel claim, Petitioner alleges that defense counsel was ineffective for failing to request a *Walker*[1] hearing to determine the admissibility of Lieutenant Muhammad's testimony and to question him as to whether the interview with Lieutenant Muhammad in fact occurred and whether he actually confessed to the allegations. Using the *Strickland* standard, the Michigan Court of Appeals addressed this claim and denied it on the merits, concluding:

> In his original brief, defendant argues that he was denied the effective assistance of counsel when trial counsel did not request a *Walker* hearing to determine the admissibility of Lieutenant Muhammad's testimony. To preserve an assertion that a statement should be excluded because it was obtained at an improper custodial interrogation, a defendant must establish a factual record in support of the claim. There is no evidence on the record that the police engaged in misconduct when Lieutenant Muhammad interviewed defendant or that defendant's confession was not voluntary. Therefore, defendant has not established that counsel was ineffective on these grounds.
>
> Defendant also argues that trial counsel should have questioned him on the stand regarding whether the interview with Lieutenant Muhammad in fact occurred and whether he had confessed to the allegations. On cross-examination of Lieutenant Muhammad and in closing argument, defense counsel called into doubt the existence and credibility of defendant's confession by emphasizing that defendant never signed a written statement, that the jury only had the Lieutenant's oral statement to rely on, that the Lieutenant was aware that defendant had denied all the allegations against him in a written statement just two months previously, and that the only thing in writing was defendant's denial of the charges. It was a matter of trial strategy to discredit the validity of defendant's confession to Lieutenant Muhammad and minimize its impact by only questioning Lieutenant Muhammad and not defendant. Further, it is possible that trial counsel knew the statement was properly taken and, therefore, had no reason to challenge it. Defendant has failed to show that trial counsel's performance was deficient on this issue.

*Riggins*, 2006 WL 3298322, at *2 (internal citation omitted).

---

[1] *People v. Walker (On Rehearing)*, 374 Mich. 331, 132 N.W.2d 87 (1965).

The Michigan Court of Appeals's decision is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Petitioner has not demonstrated that his statement would have been suppressed had counsel requested a *Walker* hearing. Petitioner has not alleged that he was coerced or intimidated into making a statement to the police. Instead, he has consistently maintained, at trial, in his post-conviction pleadings in state court, and in his current habeas petition, that he did not make any incriminating statement to the police.

Under Michigan law, a criminal defendant is entitled to a *Walker* hearing to prevent prejudice that may occur if a defendant has given police inculpatory statements "which are considered legally inadmissible due to the coercive circumstances surrounding the confession." *People v. Spivey*, 109 Mich. App. 36, 37 (1981). However, "other factors relating to the confession, such as credibility, truthfulness and whether the statement had been made at all, remain for the determination of the trier of fact." *Id.* A trial court does not have to grant a *Walker* hearing "where a defendant contests the fact of a statement rather than its voluntariness." *People v. Weatherspoon*, 171 Mich. App. 549, 554 (1988); *see also People v. Washington*, 4 Mich. App. 453, 455 (1966) (the question of the voluntariness of defendant's statement could not be reviewed by Michigan Court of Appeals so long as the defendant persisted in his denial that the statement was made). In cases where a criminal defendant denies making a statement to the police, the question whether defendant made the statements is correctly left to the jury to decide. *Weatherspoon*, 171 Mich. App. at 555. In light of the fact that there was no legal basis to exclude Petitioner's statement, counsel was not ineffective for failing to move for a *Walker* hearing. *See, e.g.*, *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007).

Moreover, trial counsel's cross-examination of Lieutenant Muhammad demonstrates that his

strategy was to question why the officer did not reduce Petitioner's confession to writing. Counsel questioned Lieutenant Muhammad about the fact that Petitioner denied everything in a written statement, but then made an oral confession that was neither written nor signed. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir.2002) ("an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Petitioner has not met his burden of establishing that trial counsel was ineffective under the *Strickland* standard and habeas relief is not warranted with respect to this claim.

**2**

Petitioner next claims that trial counsel was ineffective for failing to move to suppress the statement he made to Lieutenant Muhammad admitting that he engaged in oral and penile penetration of the victim. The Court of Appeals rejected this claim, stating:

> In his Standard 4 brief, defendant argues he was denied the effective assistance of counsel when his trial counsel failed to move to suppress Lieutenant Muhammad's testimony regarding his confession, which was allegedly obtained outside the presence of defense counsel in violation of his Sixth Amendment right to counsel. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . . to have the Assistance of Counsel for his defense." The right to counsel attaches and represents a critical stage "only at or after the initiation of adversary judicial proceedings against the accused by way of a formal charge, preliminary hearing, indictment, information, or arraignment." However, the right is invoked only by requesting counsel. Therefore, after formal adversarial proceedings have begun and the defendant asserts the right to counsel either at questioning or arraignment, the police may not conduct further interrogations until counsel has been made available to the accused, unless the accused initiates further communications, exchanges, or conversations with the police.
>
> In the facts section of his supplemental brief, defendant does not cite the court record in his assertions that he requested his attorney be present or that Lieutenant Muhammad told defendant that his attorney was on the way. In addition, there was no objection in the trial court that the confession was obtained in violation of defendant's Sixth Amendment right to counsel and defendant has failed to support

> his bald assertion on appeal that his confession was obtained illegally without the presence of counsel with any record citations. A party's unsupported assertion is not a sufficient basis for granting appellate relief.

*Riggins*, 2006 WL 3298322, at *3 (internal and end citations omitted).

The Michigan Court of Appeals's decision on this issue is likewise neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Petitioner has presented no evidence, other than his self-serving statements, that the confession was obtained in violation of the Sixth Amendment. The record is devoid of factual support for this claim. Because there is no factual support, trial counsel could not have been ineffective for failing to make a futile motion. Counsel cannot be deemed ineffective for failing to make a futile motion or objection. *See Richardson v. Scutt*, No. 09-11088, 2011 WL 5975087, at *7 (citing *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000); *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996), *cert. denied*, *McQueen v. Parker*, 520 U.S. 1257 (1997)). Petitioner is not entitled to habeas relief on this claim.

### C

In his final claim, Petitioner alleges that appellate counsel was ineffective for failing to raise what now constitutes the second issue in the pending petition, whether trial counsel was ineffective for failing to file a motion to suppress his statements to Lieutenant Muhammad. Petitioner, however, has not demonstrated that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court explains:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would

> disserve the very goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Moreover, "a brief that raises every colorable issue runs the risk of burying good arguments–those that, in the words of the great advocate John W. Davis, 'go for the jugular'–in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

"Notwithstanding *Barnes*," the Court notes, "it is still possible to bring a *Strickland* [*v. Washington*] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citation omitted). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

The Court of Appeals rejected this claim, concluding that appellate counsel was not ineffective. Petitioner's appellate counsel raised several claims in his direct appeal to the Court of Appeals. Appellate counsel's actions, of excluding certain claims in favor of others, was a strategic decision and does not constitute ineffective assistance of counsel. Moreover, because Petitioner's claim lacks merit, as previously discussed, this Court must also reject any independent ineffective assistance of appellate counsel claims. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.' " *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010), *cert. denied*, --- U.S. ---, 131 S. Ct. 1013 (2011) (citing *Greer v. Mitchell*, 264 F.3d 663, 676

(6th Cir. 2001)).

The Court concludes that the Michigan Court of Appeals's decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Therefore, Petitioner is not entitled habeas relief with respect to this claim.

### D

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1) (a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability is thus not warranted in this case.

### III

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that the Court declines to issue Petitioner Riggins a certificate of appealability.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney by electronic means and on Reginald Riggins, #474085, Ryan Correctional Facility, 17600 Detroit, MI 48212 by first class U.S. mail on May 11, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS